IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JESSIE WILLIAM BISPHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:11-CV-775-WHA |
| | ) | [WO] |
| OFFICER BOBBY CLECKLER, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Chilton County Jail located in Clanton, Alabama, filed this 42 U.S.C. § 1983 action on September 19, 2011.  The complaint is brought against Correctional Officer Bobby Cleckler.  Defendant Cleckler, Plaintiff alleges, failed to protect him from an inmate assault on September 11, 2011.  Plaintiff requests damages and injunctive relief.

Defendant filed a special report, answer, and supporting evidentiary material addressing Plaintiff's claims for relief.  In these documents, Defendant asserts Plaintiff failed to exhaust an administrative remedy available to him at the Chilton County Jail.  Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendant's report as a motion for summary judgment (Doc. No. 13).  *See Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for a summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely

time barred or otherwise clearly infeasible."). Thus, this case is now pending on Defendant's motion for summary judgment. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that Defendant's motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); Fed. R. Civ. P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

---

[1] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended . . . to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes . . . are stylistic only." Fed. R. Civ. P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

*Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-24.

Defendant has met his evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists.  *Clark v. Coats and Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

To survive Defendant's properly supported motion for summary judgment, Plaintiff is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Id.* at 249-50.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of

a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations . . . ."); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children and Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party

must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529-30 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff complains that Defendant acted with negligence to his safety and well-being by opening his cell door at the request of another inmate. The inmate entered Plaintiff's cell and proceeded to assault him. After the assault, Plaintiff contends that Defendant closed the cell door and left him "with no avenue of escape or safety from the assault." (Doc. No. 1). In response to the complaint, Defendant argues this case should be dismissed because Plaintiff failed to exhaust the administrative remedy provided at the Chilton County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative

remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Id.* at 93 (emphasis added).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings . . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn

that provision into a largely useless appendage." *Id*. at 90-91.  The Court reasoned that

because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy

the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or

otherwise procedurally defective administrative grievance or appeal[,]" or by effectively

bypassing the administrative process simply by waiting until the grievance procedure is no

longer available to her.  *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir.

2005) (inmate who files an untimely grievance or simply spurns the administrative process

until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

Further, the PLRA's exhaustion requirement contains no futility exception where there is an

available inmate grievance procedure.  *See Booth*, 532 U.S. at 741 n. 6 ( "[W]e will not read

futility or other exceptions into statutory exhaustion requirements where Congress has

provided otherwise."); *Cox v. Mayer*, 332 F.3d 422, 424-28 (6th Cir. 2003) (holding that the

exhaustion requirement applies to a former prisoner who filed his complaint without

exhausting his administrative remedies and who had since been released from custody); *see*

*also  Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

 The record in this case establishes that the Chilton County Jail provides a grievance

procedure for inmate complaints.  (Doc. No. 12, Cleckler, Davis, Harmon, and Smith Affs.

& Ex. H).  This administrative remedy is available to all Chilton County Jail inmates

including Plaintiff.  (*Id*.).  Defendant asserts that Plaintiff has failed to exhaust his

administrative remedies with respect to his claims that Defendant failed to protect him from

an inmate assault.  To support this assertion, Defendant has offered declarations  and other record evidence which show that Plaintiff failed to file any grievance with respect to the actions about which he complains in the instant proceeding.  (Doc. No. 12, Clecker, Harmon, Davis, & Smith Affs., Exs. H, I).

Plaintiff concedes that the Chilton County Jail has a grievance procedure for inmates. He claims that  he properly followed the grievance procedure but contends he never received responses or solutions to the "numerous" grievances he submitted concerning the September 11, 2011 incident.  As an inmate, Plaintiff asserts he has no control over what happens to grievances.  (Doc. No. 14).

Plaintiff relies on his own vague and conclusory allegations submitted in response to Defendant's dispositive motion that he complied with the jail's administrative remedies but that he never received a response to his grievances.  Plaintiff does not describe the substance or content of the grievances which were ignored or never answered nor does he indicate when he submitted his numerous grievances.[2]   Defendant has provided copies of those inmate request forms which Plaintiff did submit to jail officials on September 18 & 28, 2011 and October 3, 2011and which are maintained in his inmate jail file at the Chilton County

---

[2]   The court notes Plaintiff's complaint is dated September 15, 2011–four days after the incident about which he complains occurred.  The grievance procedure provided by the Chilton County Jail, however, provides that jail personnel have five (5) working days from the date the original grievance is received to attempt resolution of the grievance either verbally or in writing after which a written record of the grievance resolution is forwarded to the inmate within fifteen (15) days from the original grievance date.  A copy of the grievance is then placed in the inmate's file.  (Doc. No. 12, Ex. H).  Thus, notwithstanding Plaintiff's assertions regarding the submission of numerous grievances with respect to the September 11 incident, the court again points out that *complete exhaustion* of all available administrative remedies is a *precondition* to litigation in this court.  *Booth*, 532 U.S. at 741.

Jail.  A review of these forms reflects that Plaintiff did not designate them as grievances and, further, none of them concern the matter complained of in the instant action.  (Doc. No. 12, Exh. I).

This court may properly resolve this factual issue relating to exhaustion, *see Bryant*, 530 F.3d at 1374, and finds that the facts do not support Plaintiff's futility arguments.  As noted, exhaustion of available remedies applies to all prisoners in any facility, it is mandatory, and may not be waived by the court.  *See Alexander*, 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens*).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  *Alexander*, 159 F.3d at 1325; *see also Porter*, 534 U.S. 516.  Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  *Higginbottom v Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing *Alexander*, 159 F.3d at 1323).

Based on the proof provided, Plaintiff has not utilized the administrative remedies available to him at the Chilton County Jail with respect to his claim that Defendant failed to protect him from an inmate assault.  The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to make a colorable showing that he exhausted the administrative remedies available to him at Chilton County Jail prior to filing the instant complaint and/or demonstrated that he has been denied

access to those administrative procedures.  Other than his self-serving statements, there is no record or documentation that Plaintiff has made any complaints or filed any grievance against Defendant about the matter made the subject of this action.  The records before the court show that although Plaintiff submitted inmate requests to jail officials about various matters, he has provided nothing to refute or explain Defendant's evidence showing that he did not file a single inmate request and/or grievance regarding the incident made the subject of the instant proceeding.  *See Kozuh v. Nichols*, 2006 WL 1716049, at *2 (11th Cir. June 22, 2006) (rejecting inmate's claim "that he was 'thwarted' when officials refused to respond to his grievances, leaving the grievance procedure unavailable" and noting that inmate had filed numerous informal complaints).

The court is persuaded by Defendant's evidence that the grievance process is available to Plaintiff and he failed to avail himself of that process with regard to the allegations made the subject matter of the instant action prior to filing suit.  The court, therefore, concludes that the claims presented in this matter are subject to summary dismissal without prejudice as Plaintiff has failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims.  *Ngo*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-75 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The motion for summary judgment filed by Defendant (Doc. No. 12) be GRANTED to the extent Defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Chilton County Jail;

2.   This case be DISMISSED without prejudice pursuant to the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Chilton County Jail; and

3.  No costs be taxed herein.

It is further

ORDERED that on or before **November 6, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 23rd day of October, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE